CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Chad Pennington (MN Bar No. 0397620)[1]
(E-Mail: chad_pennington@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JOSE MANUEL PEREZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE MANUEL PEREZ,<br><br>    Defendant. | Case No. 2:22-cr-00057-FMO<br><br>**DEFENDANT'S MOTION FOR REVIEW OF THE MAGISTRATE JUDGE'S DENIAL OF PRETRIAL RELEASE UNDER 18 U.S.C. § 3145(b).** |

Defendant Jose Manuel Perez, by and through his counsel of record, Deputy Federal Public Defender Chad Pennington, submits this review of the Magistrate Judge's denial of his bond application pursuant to 18 U.S.C. § 3145(b). *See* ECF Nos. 21, 31, and 55. For the reasons set forth below, this Court should accept Mr. Perez's bond application and conditionally release him from his present pretrial custody at the Metropolitan Detention Center ("MDC") in Los Angeles, California, consistent with the conditions set forth in the existing pretrial release order. *See* ECF No. 21.

---

[1] As a government attorney and a member of the New York and Minnesota State Bars, DFPD Pennington has been admitted to practice before the United States District Court for the Central District of California.

1

I.      **INTRODUCTION**

      **A. Mr. Perez's Pretrial Custody**

Mr. Perez is presently in pretrial custody at MDC, a pretrial detention, which now spans **over** two months, though there is no presumption of detention attached to his underlying charges under 18 U.S.C. § 3142(e), though two Magistrate Judges, including one in this District, have concluded that Mr. Perez's conditional release is authorized and appropriate under § 3142(c), and though his codefendant has been conditionally released. *See generally* ECF Nos. 21, 48. In effect, no court has found that the government has carried its evidentiary and persuasion burden to demonstrate that Mr. Perez is either a flight or community risk, and indeed, whether Mr. Perez poses such risk is not before the Court now. Those questions have been resolved in his favor as the previous Courts denied the government's detention motions. *See* ECF No. 21, p. 1. Despite that, Mr. Perez remains in pretrial custody; away from his family, his children, and notwithstanding the previous release rulings in this case. Rather, Mr. Perez remains in pretrial custody because he cannot obtain approval of his proposed sureties, though his sureties satisfy the surety criteria set forth in the existing release order and the statutory and rule-based surety criteria.

    The government claims the sureties are "implicated" in Mr. Perez's alleged conduct, the smuggling of animals, however, the sureties are not charged and are not alleged as conspirators. *See* ECF No. 1, Indictment. The government claims the sureties lack the moral suasion to serve in that capacity, but moral suasion is not identified as a surety criteria in the existing release order, § 3142, Rule 46(e), or applying Ninth Circuit precedent. *See* ECF No. 21. On the contrary, the Magistrate Judge adopted a pretrial release order in this case whole authorizing Mr. Perez's release on a secured bond under the specific conditions of: "[t]he co-signatures of **2 financially responsible** (and related) adults or + 5000 cash . . . **OR** an [a] cash bond and/or a bail bond by an approved, solvent corporate surety. A corporate bail bond must cover all conditions of release, not just appearances." ECF No. 21, p. 2 (emphasis added). Mr.

Perez's proposed sureties, J.C. and J.M.P. satisfy that criteria as evidenced in his bond application as they are financially responsible related adults as established in Mr. Perez's bond application, *see* ECF No. 31, and are financially fit to serve that function. The Magistrate Judge's denial of the sureties based on the government's unsupported claims of "implication" was inappropriate and reversible error. Mr. Perez urges this Court to review the Magistrate Judge's denial of his bond application, *see* ECF No. 55, and find that the sureties proposed are adequate, satisfy the conditions set forth in the existing release order, *see* ECF No. 21, and order Mr. Perez's conditional release consistent with that order.

### B. Question Presented

The sole question presented here, in Mr. Perez's bond application, is whether Mr. Perez's proposed sureties, J.P.M. and J.C., are adequate under the existing release order and law. *See* ECF No. 31.

On April 29, 2022, after briefing and a second detention hearing, the Magistrate Judge denied Mr. Perez's bond application. The Magistrate Judge concluded that the sureties are not adequate based on the government's unsupported claim that the sureties are "implicated" in the alleged criminal conduct. The Magistrate Judge did not at all consider the surety criteria set forth in the existing release order -- their financial responsibility -- but rather issued a denial release based on the government's vague and unsubstantiated implication claims, reasoning that considering the sureties are "implicated" they are not a suitable hedge against Mr. Perez's flight or community safety. By doing so, the Magistrate Judge considered and invited argument that went to the question of flight and community risk, a matter already resolved in Mr. Perez's favor, without addressing financial responsibility. Furthermore, the Magistrate Judge found the sureties inappropriate based on uncontested "implication" allegations without reference to the clear and convincing standard attached to findings of community risk. *See* 18 U.S.C. § 3142(f)(2)(B). In effect, the Magistrate Judge denied Mr. Perez's release based on factors not found in her release order and based on untested

government allegations unapplied to an evidentiary standard or specific factual findings. *See* ECF No. 55. Indeed, the Magistrate Judge, at the April 29, 2022, detention hearing, acknowledged that her consideration of the sureties was based on the customary surety vetting and pretrial services recommendation practices in the District and not the applicable law or the release order put in place, the very law of the case. To that end, the Magistrate Judge failed to issue any findings of fact as to why the proposed sureties are inadequate. *See* ECF No. 55.

## II. BACKGROUND

On February 25, 2022, the government filed an out of district complaint against Mr. Perez, alleging violations of 18 U.S.C. §§ 371, 545, 3772, 3773, 981, 982, 28 U.S.C. § 2461, and 16 U.S.C. § 3774 (criminal forfeiture). *See United States v. Perez*, 3:22-mj-0734-JLB-1 (S.D. Cali. Feb. 25, 2022, ECF No. 1). On February 28, 2022, Mr. Perez made his first appearance on the complaint in the Southern District of California. *See id.*, ECF No. 5. That same day, the presiding Magistrate Judge, the Honorable Jill L. Burkhardt, denied the government's oral detention motion and set Mr. Perez's release conditions. *See id.*, ECF Nos. 5, 7. On March 11, 2022, Magistrate Judge Burkhardt denied Mr. Perez's bail modification request. *See id.*, ECF Nos. 15, 18, 22.

On March 28, 2022, Mr. Perez was arraigned in this District on a superseding indictment, again, alleging violations of §§ 371, 545, 3772, 3773, 981, 982, § 2461, and § 3774, and Mr. Perez entered not guilty pleas as to all counts. ECF Nos. 19, 21. At that arraignment, the Magistrate Judge adopted in whole the previously set bond terms and conditions set forth on February 28, 2022, in the Southern District of California. *See id.;* ECF No. 21. On March 29, 2022, Mr. Perez's counsel in the Southern District of California presented the attached bond application to Magistrate Judge Burkhardt in San Diego. On March 30, 2022, Magistrate Judge Burkhardt directed Mr. Perez to refile the pending bond application in the Central District of California and that any dispute as to the appropriateness of the bond application should be adjudicated in the Central District of California.

On March 31, 2022, Mr. Perez filed his bond application, naming J.P.M. and J.C. as his proposed sureties. ECF Nos. 31, 35. On April 12, 2022, United States Pretrial Services produced a pretrial report, opining that it "concurs with the [g]overnment's position that the defendant's [proposed sureties] are not suitable to serve as surety based on their involvement in the matter." Pretrial Services Report, p. 2. The Pretrial Services Report includes no mention of the terms of the adopted order, the statutory surety criteria under § 3142(c)(1)(B)(xii) or Rule 46(e), or that there has been no finding that the proposed sureties are "involved" in any matter. On April 15, 2022, the government filed its opposition to Mr. Perez's bond application. *See* ECF No. 42. On April 20, 2022, Mr. Perez filed briefing in support of his bond application. *See* ECF No. 50.

On April 29, 2022, the Magistrate Judge held a detention hearing, and found that the proposed sureties are not suitable, but again, without any specific findings of fact relating to the sureties justifying denying Mr. Perez's bond application. *See* ECF No. 55.

### III. LEGAL FRAMEWORK

#### A. § 3145(b) review

A district court reviews *de novo* a magistrate judge's denial of pretrial release. *See United States v. Koeing*, 912 F.2d 1190, 1191 (9th Cir. 1990). As such, a district court "should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate [judge's] findings are correct, with no deference." *Id.* at 1192. A district court may hold an evidentiary hearing in reviewing the magistrate judge's findings. *See id.*

#### B. § 3142 and Rule 46

A person facing trial generally must be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, such as this, pretrial release "should rarely be denied." *United*

*States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir.1985); *see also United v. Salerno*, 481 U.S. 739, 755 (1987) (finding that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). Any doubt regarding release must be resolved in the defendant's favor. *See Motamedi*, 767 F.2d at 1405. Nothing in § 3142 should be construed to alter the presumption of innocence Mr. Perez or any person enjoys. § 3142(j). A "magistrate's detention order (unlike a release order) must include written findings of fact and a written statement of the reasons for the detention." *Koeing*, 912 at 1191; *see also* § 3142(i)(1).

Regarding sureties, § 3142 provides in relevant part:

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person— . . .
>
> (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond.

§ 3142(c)(1)(B)(xii).

Similarly, Rule 46(e) provides that:

> (e) Surety. The court must not approve a bond unless any surety appears to be qualified. Every surety, except a legally approved corporate surety, must demonstrate by affidavit that its assets are adequate. The court may require the affidavit to describe the following:
>
> (1) the property that the surety proposes to use as security;
>
> (2) any encumbrance on that property;
>
> (3) the number and amount of any other undischarged bonds and bail undertakings the surety has issued; and

(4) any other liability of the surety.

Fed. R. Crim. P. 46(e).

On their face, § 3142(f) and Rule 46(e) plainly speak to the financial qualifications of the proposed sureties.

### C. The Release Order

The adopted conditional release order under review here provides a surety option that speaks solely in terms of financial fitness to serve in that capacity: "[t]he co-signatures of 2 **financial responsible** (and related) adults or + 5000 cash . . . **OR** an "[a] cash bond and/or a bail bond by an approved, solvent corporate surety. A corporate bail bond must cover all conditions of release, not just appearances." ECF No. 21, p. 2 (emphasis added). That the custom in this District is vetting beyond the textual strictures § 3142, Rule 46(e), and most importantly, the plain terms of the release order is irrelevant. That Mr. Perez's sureties are not to the satisfaction of the government or pretrial services is not the law.

### IV. ARGUMENT

Two Courts have concluded that Mr. Perez is eligible for conditional release. Yet his release remains frustrated because the government and pretrial services have concerns over the sureties -- though those concerns do not address whether the sureties are responsible individuals, adult family members -- the actual surety criteria in place. He has an available sum of $5,000. His continued detention is not appropriate.

The government claims that the sureties lack the requisite moral suasion to serve as sureties, but there is no binding citation or controlling legal source from within the Ninth Circuit imputing a moral suasion requirement or factor this Court must consider in evaluating sureties. *See* ECF No. 42, p. 3. To be sure, no such statutory or rule based moral suasion surety factor exists under § 3142 or in the release order under review. *See e.g., United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal citation omitted) (holding that applying the law of the case doctrine, "a court

is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."); *see also* ECF No. 21.

Furthermore, the government's claim that the sureties are "implicated" is nothing more than an oblique attempt by the government to relitigate Mr. Perez's risk of flight and to the community — matters again which the Court has resolved in Mr. Perez's favor. To that end, in denying Mr. Perez's bond application, Magistrate Judge made no specific findings of fact on how the sureties would enhance Mr. Perez's risk of flight or to the community if released and certainly failed to apply any finding to the applicable clear and convincing standard. To be certain, § 3142 in no way permits the government to simply raise untested allegations that a surety is "implicated" without reference or regard as to how the propose surety would impede Mr. Perez's future appearance or risk to the community.

The reality is that the proposed sureties are hardworking members of Mr. Perez's family. They, more than another individuals, stand to lose their hard-earned income if Mr. Perez should not appear, and rest assured, their hard-earned income offered as interest to secure Mr. Perez's appearance will be a constant reminder to Mr. Perez of his obligations and duties to appear. The proposed sureties are close and intimate members of Mr. Perez's family, people that he will be interacting with for the remainder of his life. Even applying the government's unsupported moral suasion test, the government's vague concerns are substantially outweighed by the familial connection of the proposed sureties to Mr. Perez and the high probability that Mr. Perez would not commit any act on pretrial supervision which would imperil the financial assets of his family members. The government goes to great lengths to argue that Mr. Perez is close to his family members, but then paradoxically, argues that he is likely to burn that relationship by absconding. The government's argument is not logically supported nor supported by evidence.

Mr. Perez's pretrial release is compelled by § 3142 and his proposed sureties are not precluded under any source of law. In fact, the filed bond application amply

supports and demonstrates their financial responsibility and related status -- the only criteria germane to the release order in place. The government, pretrial services, and the Magistrate Judge are conflating an unsubstantiated concern for the sureties, for the proper consideration of the sureties under the adopted order already in place. In effect, the Magistrate Judge is valuing District custom over statutory law and the release order she already adopted. Applying the adopted conditional release order, the proposed sureties are suitable. As a result, the Court should grant Mr. Perez's pending bond application.

## CONCLUSION

Mr. Perez's proposed sureties satisfy the Court's adopted pretrial conditional release order; the proposed sureties satisfy the applicable statute and rule of procedure. They are solvent, financially responsible related family members over the age of 18. That is the criteria in place, and that criteria, that body of law, demands Mr. Perez's pretrial conditional release. Any doubt as to whether the sureties are acceptable must be resolved in Mr. Perez's favor. Mr. Perez respectfully asks that the Court review the Magistrate Judge's denial of his bond application, grant his bond application, and conditionally release him consistent with the terms of the release order in place. *See* ECF No. 21.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 3, 2022

By  */s/ Chad Pennington*
Chad Pennington
Deputy Federal Public Defender
Attorney for JOSE MANUEL PEREZ