TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MATTHEW O'BRIEN (Cal. Bar No. 261568)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8644/3819
    Facsimile: (213) 894-0141
    E-mail:   Matthew.O'Brien@usdoj.gov
              Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSE MANUEL PEREZ,<br>  aka "Julio Rodriguez," and<br>STEPHANY PEREZ,<br><br>      Defendants. | No. CR 22-00057(A)-FMO<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY<br><br>[PROPOSED] ORDER FILED SEPARATELY |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Matthew O'Brien and Brian Faerstein, defendant JOSE MANUEL PEREZ ("defendant Jose Perez"), by and through his counsel of record, Chad J. Pennington, and defendant STEPHANY PEREZ ("defendant Stephany Perez" and, along with defendant Jose Perez, the "defendants"), by and through her counsel of record, Marilyn E. Bednarski (collectively the "parties"), for the reasons set forth below, request that the Court

enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the Privacy Act, and (3) information related to confidential informants and/or cooperating witnesses who may testify at trial.

<u>Introduction and Grounds for Protective Order</u>

1. Defendants are charged in this matter with a violation of 18 U.S.C. § 371 (Conspiracy). Defendant Jose Perez also is charged with violations of 18 U.S.C. § 545 (Smuggling Goods into the United States) and violations of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B) (Wildlife Trafficking). Defendant JOSE PEREZ has been granted release on bond pending trial. Defendant STEPHANY PEREZ is released on bond pending trial.

2. A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses, some of whom participated in the government's investigation and who may testify at trial. Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this

information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

<u>Definitions</u>

6. The parties agree to the following definitions:

    a. "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

    b. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

    c. "Confidential Information" refers to any document or information containing CI Materials or PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

    d. "Defense Teams" includes (1) defendants' counsel of record ("defense counsel"); (2) other attorneys at defense counsels' law firms who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Teams do not include defendants, defendants' family members, or any other associates of defendants.

4

Terms of the Protective Order

7. The Protective Order will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The parties agree that the following conditions in the Protective Order will serve these interests:

 a. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.

 b. If either defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

 c. Defendants and the Defense Teams agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

 d. The Defense Teams shall not permit anyone other than the Defense Teams to have possession of Confidential Information, including defendants, while outside the presence of the Defense Teams.

 e. Notwithstanding the paragraph above, defendants may see and review CI Materials only in the presence of a defense team member, and such Defense Team member shall ensure that defendants

are never left alone with any CI Materials.  At the conclusion of any meeting with either defendant at which defendant is permitted to view CI Materials, defendant must return any CI Materials to the Defense Team member, who shall take all such materials.  Neither defendant may take any CI Materials out of the room in which defendant is meeting with defense counsel.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendants, regardless of defendants' custody status.

   f. Defendants may review PII Materials only in the presence of a member of the Defense Teams, who shall ensure that defendants are never left alone with any PII Materials.  At the conclusion of any meeting with either defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to their respective Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Neither defendant may take any PII Materials out of the room in which defendant is meeting with the Defense Team.

   g. Defendants may see and review Confidential Information as permitted by this Protective Order, but defendants may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.

   h. If during a meeting in which protected materials are reviewed with either defendant, such defendant writes down or memorializes any data or information contained in the material, such notes or other writing by defendant shall not be left with defendant but taken by the member of the defense team and possessed by the Defense Team as permitted by this order.

i. The Defense Teams may review Confidential Information with a witness or potential witness in this case, including either defendant. A Defense Team member must be present whenever any CI Materials are being shown to a witness or potential witness. A member of the Defense Teams must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. The Defense Team member shall log or otherwise memorialize in his/her file such witness advisement and agreement. No member of the Defense Teams shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

j. The Defense Teams shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Teams, defendants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Teams, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Teams' offices, homes, vehicles, or personal presence. CI Materials shall not be left unattended in any vehicle.

k. To the extent that defendants, the Defense Teams, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Teams,

7

such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

   l. The Defense Teams shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendants and any motion filed by defendants pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials and make all reasonable attempts to limit the divulging of CI Materials or PII Materials.

   m. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Teams shall take immediate steps to destroy the unmarked material, including any copies.

n. The parties agree that if any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

o. Confidential Information shall not be used by the defendants or Defense Teams, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Teams' files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all materials subject to this protective order, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

p. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorneys assigned to the case. New defense counsel then will become the respective Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and

Professions Code and the California Rules of Professional Conduct all PII Materials; and (2) returning to the government or certifying the destruction of all CI Materials.

   q. Defense counsel agrees to advise defendants and all members of the Defense Teams of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendants and members of the Defense Teams with access to any materials subject to the Protective Order. Defense Counsel has conferred with defendants regarding this stipulation and the proposed order thereon.

//
//
//

r.  Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: May 13, 2022        TRACY L. WILKISON
                           United States Attorney

                           SCOTT M. GARRINGER
                           Assistant United States Attorney
                           Chief, Criminal Division


                            /s/
                           _____
                           MATTHEW O'BRIEN
                           BRIAN FAERSTEIN
                           Assistant United States Attorney

                           Attorneys for Plaintiff
                           UNITED STATES OF AMERICA


DATED: May 12, 2022         /s/ (via email authorization)
                           CHAD J. PENNINGTON
                           Attorney for Defendant
                           Jose Manuel Perez


DATED: May 12, 2022         /s/ (via email authorization)
                           MARILYN E. BEDNARSKI
                           Attorney for Defendant
                           Stephany Perez